UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| RONALD LAMONT SUTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-00014-SPM |
| | ) | |
| MATTHEW KARSHNER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Ronald Lamont Sutton for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 2). Having reviewed the motion, as well as his previous filings, the Court has determined that plaintiff, while incarcerated, has brought three or more civil actions that were dismissed as frivolous, malicious, or for failure to state a claim. Accordingly, for the reasons discussed below, the Court will deny plaintiff's motion for leave to proceed in forma pauperis, and dismiss his complaint without prejudice to the refiling of a fully-paid complaint. *See* 28 U.S.C. § 1915(g).

### The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Northeast Correctional Center in Bowling Green, Missouri. He brings this action pursuant to 42 U.S.C. § 1983, naming Dr. Matthew Karshner and Dr. Cedric Strange as defendants. (Docket No. 1 at 2-3). Both defendants are sued in their individual capacities only. In the complaint, plaintiff accuses Dr. Karshner and Dr. Strange of medical malpractice and negligence with regard to his serious medical needs. (Docket No. 1 at 4).

Plaintiff states that Dr. Karshner is a physician working at "Rehab Medicine" in Cape Girardeau, Missouri. (Docket No. 1 at 5). Between February 8, 2016 and July 18, 2016, plaintiff met with Dr. Karshner to discuss his case. Plaintiff's medical complaints consisted of pain in his back, nerve damage, and numbness in his hands and feet. He accuses Dr. Karshner of discrimination, "medical malpractice," and "medical negligence." Plaintiff states that he told Dr. Karshner that he was in pain, but that Dr. Karshner denied his "serious medical needs."

Unhappy with Dr. Karshner, plaintiff states that he went to the Southeast Missouri Emergency Department. (Docket No. 1 at 6). There, on February 8, 2016, he saw Dr. Strange. (Docket No. 1 at 8). Plaintiff alleges that Dr. Strange misread his CT scan and failed to tell him that his spine was twisting. Based on this, plaintiff states that Dr. Strange committed medical malpractice and was negligent. (Docket No. 1 at 9). Since meeting with both doctors, plaintiff claims that his back condition has gotten progressively worse. (Docket No. 1 at 10).

Included within the complaint are medical records from the Southeast Missouri Emergency Department. The Court will treat these attachments as part of the pleadings. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes"). The records indicate that plaintiff was seen by a physician at the Southeast Missouri Emergency Department, prescribed medications, and "discharged to home." (Docket No. 1 at 11-15).

As a result of defendants' malpractice and negligence, plaintiff states that his medical "situation" is worse than before, and that he will continue to have pain and suffering the rest of his life. (Docket No. 1 at 23). He seeks $20,689,000,000 in compensatory damages, and an equal amount in punitive damages.

## Discussion

Plaintiff seeks leave to commence this 42 U.S.C. § 1983 action without prepayment of the required filing fee. However, plaintiff has filed at least three previous cases that were dismissed on the basis of frivolity, maliciousness, or failure to state a claim. As such, his motion to proceed in forma pauperis must be denied, and this case dismissed without prejudice to plaintiff refiling a fully-paid complaint.

### A.  28 U.S.C. § 1915(g)

The Prison Litigation Reform Act (PLRA) "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One of these reforms is what is commonly known as the "three strikes" provision of 28 U.S.C. § 1915(g). *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Prisoners who have had three previous civil lawsuits or appeals dismissed as frivolous, malicious, or for failure to state a claim must prepay the entire filing fee. *Lyon v. Krol*, 127 F.3d 763, 764 (8th Cir. 1997). To that end, a dismissal for failure to state a claim counts as a strike whether the dismissal was with prejudice or without. *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1223 (2020). This section does not apply unless the inmate litigant has three strikes at the time he filed his lawsuit or appeal. *Campbell v. Davenport Police Dep't*, 471 F.3d 952, 952 (8th Cir. 2006).

3

**B. Plaintiff's Previous "Strikes"**

Review of plaintiff's filing history indicates that while incarcerated, plaintiff has filed at least four separate lawsuits that qualify as "strikes" under 28 U.S.C. § 1915(g). *See Sutton v. Dunklin Cty. Jail*, No. 1:09-cv-184-SNLJ (E.D. Mo. Dec. 23, 2009) (dismissed Jan. 15, 2010, under 28 U.S.C. § 1915(e)(2)(B) for being legally frivolous and failing to state a claim upon which relief could be granted); *Sutton v. Dolan*, No. 1:09-cv-185-LMB (E.D. Mo. Dec. 23, 2009) (dismissed Jan. 27, 2010, under 28 U.S.C. § 1915(e)(2)(B) for same reasons); *Sutton v. State of Mo., et al.*, No. 1:18-cv-41-NCC (E.D. Mo. Feb. 20, 2018) (dismissed June 8, 2018, under 28 U.S.C. § 1915(e)(2)(B)); and *Sutton v. Maddox, et al.*, No. 4:19-cv-208-HEA (E.D. Mo. Feb. 11, 2019) (dismissed Aug. 15, 2019, under 28 U.S.C. § 1915(e)(2)(B)). The Court notes that plaintiff did not file appeals in any of the aforementioned cases, and the time for filing such appeals has passed. Moreover, all four strikes existed at the time that plaintiff filed the instant action on January 16, 2020.

Plaintiff has also had a prior case in this Court dismissed without prejudice due to the fact that he has acquired three strikes. *See Sutton v. Dunklin Cty., et al.*, No. 1:19-cv-205-DDN (E.D. Mo. Nov. 18, 2019) (dismissed on November 21, 2019, pursuant to 28 U.S.C. § 1915(g)). He appealed the dismissal, but the appeal was dismissed for failure to prosecute. *Sutton v. Dunklin Cty., et al.*, No. 19-3631 (8th Cir. 2020). Thus, for these reasons, plaintiff cannot proceed in forma pauperis unless the imminent danger exception applies.

**C. Imminent Danger**

Pursuant to 28 U.S.C. § 1915(g), an indigent prisoner who has acquired three strikes may still file a lawsuit if he or she is in imminent danger of serious physical injury. *Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2001). This exception provides a "safety valve for the three

strikes rule to prevent impending harms." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003). However, for this exception to apply, an otherwise ineligible prisoner must be in imminent danger at the time of filing. *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). Allegations of past imminent danger are not sufficient to trigger the exception to § 1915(g). *Id.*

Here, plaintiff has not alleged that he is in imminent danger. To the contrary, all of his claims relate to past medical treatment that he received between February and July 2016. There is no indication that defendants are currently treating plaintiff, and there are no facts suggesting that defendants' actions placed him "under imminent danger of serious physical injury" at the time he filed this action on January 16, 2020. As such, plaintiff has failed to demonstrate that the exception to the three-strikes provision in § 1915(g) is applicable to him. The Court will therefore deny plaintiff's motion for leave to proceed in forma pauperis, and will dismiss this action without prejudice to plaintiff refiling a fully-paid complaint.

## D. Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)

Even if plaintiff were granted in forma pauperis status, his case would still be subject to dismissal. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a case filed in forma pauperis if it determines that the complaint is frivolous, malicious, or fails to state a claim upon which relief can be granted. In this case, plaintiff has failed to state a claim under 42 U.S.C. § 1983 with regard to either defendant.

### i.    Failure to Allege that Defendants Are State Actors

In order to state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). To that end, only state actors can be held liable under §

1983. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). *See also Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014) (stating that § 1983 "imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United States"); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties); and *Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997) (stating that pursuant to § 1983, "the challenged conduct must have been committed by one who acts under color of law").

Here, it is not readily apparent that either Dr. Karshner or Dr. Strange were acting under color of state law. With regard to employment, plaintiff states that Dr. Karshner worked at "Rehab Medicine" in Cape Girardeau, and that Dr. Strange was employed at "Southeast Health Hospital" in Cape Girardeau. Plaintiff gives no indication that either of these employers were attached to, affiliated with, or contracted by a county jail or state prison.

Plaintiff's complaint also implies that he was not incarcerated at the time he saw Dr. Karshner or Dr. Strange. According to the "Statement of Claim," plaintiff first went to see Dr. Karshner about his back issues. He then became unhappy with Dr. Karshner, and states that he went to the Southeast Missouri Emergency Department, where he saw Dr. Strange. The ability to freely move from one provider to another would be unusual if plaintiff were incarcerated. Further, in the medical records provided by plaintiff, there is a notation that plaintiff was "discharged to home." (Docket No. 1 at 12).

In the section of the form complaint for demonstrating exhaustion of administrative remedies, plaintiff notes that he "did not appeal" at defendants' employers because they "didn't have grievances." (Docket No. 1 at 25). However, plaintiff states that he "went back to

Southeastern Hospital in Cape Girardeau to let them know [he] was denied" medical care. Again, the implication here is that plaintiff was not incarcerated, and that defendants' employers had no connection to any city, state, or county correctional facility.

Finally, in a grievance response enclosed with the complaint, there is a notation that plaintiff had an "outside CT performed" on his spine in December 2015, and that he "went back to jail in August of 2016" before reentering "the Department of Corrections in November, 2016." (Docket No. 1 at 20). According to plaintiff's timeline, this would mean that he was not incarcerated between February and July 2016, making it unlikely that defendants were associated with either a jail or prison system when plaintiff met with them.

Based on the above, it is not clear that defendants were acting under color of law. As plaintiff has not established this element of a § 1983 claim, his complaint would be subject to dismissal, even if he were allowed to proceed in forma pauperis.

### ii.    Failure to State a Deliberate Indifference Claim

Even assuming that defendants were state actors, plaintiff has not properly alleged a deliberate indifference claim. Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

In order to establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). *See also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). "A serious medical need is one that has been diagnosed by a physician

as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). Deliberate indifference can include the intentional denial or delay of access to medical care, or the intentional interference with treatment or prescribed medication. *Vaughn v. Lacey*, 49 F.3d 1344, 1346 (8th Cir. 1995).

To prevail under this standard, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Jackson v. Buckman*, 756 F.3d 1060, 1066 (8th Cir. 2014). As such, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017). Thus, a showing of deliberate indifference requires more than a mere disagreement with treatment decisions and is greater than gross negligence. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006).

Nothing in plaintiff's complaint establishes that either defendant intentionally delayed or denied treatment to plaintiff. Certainly, plaintiff has not presented any facts showing that their actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." Instead, in wholly conclusory language, plaintiff repeatedly states that defendants are liable for "medical malpractice" and "medical negligence." Malpractice and negligence, however, are insufficient to support a claim of deliberate indifference to medical needs. *See Kulkay*, 847 F.3d at 643 ("In contrast to negligence, deliberate indifference requires a highly culpable state of mind approaching actual intent"); *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (stating that medical malpractice is not actionable under the Eighth Amendment); and *McRaven v. Sanders*, 577 F.3d 974, 982 (8th Cir. 2009) ("Negligent misdiagnosis does not create a cognizable claim under § 1983"). As such, even if plaintiff were

8

allowed to proceed in forma pauperis, and even if defendants were acting under color of state law, plaintiff's complaint would still be subject to dismissal for failure to state a claim.

### E. Motion to Appoint Counsel

Plaintiff has filed a motion to appoint counsel. (Docket No. 3). The motion will be denied as moot as this action is being dismissed without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel (Docket No. 3) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice to plaintiff refiling a fully-paid complaint. *See* 28 U.S.C. § 1915(g). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this **9th** day of **July**, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE